UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Carmen O.-A., | ) |
| Plaintiff, | ) No. 20-cv-3996 |
| v. | ) Magistrate Judge Susan E. Cox |
| KILILO KIJAKAZI, Acting Commissioner of the Social Security Administration, | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Carmen O.-A.[1] appeals the decision of the Commissioner of the Social Security Administration ("Commissioner") denying her disability benefits. The parties have filed cross motions for summary judgment.[2] As detailed below, Plaintiff's motion for summary judgment [dkt. 17] is GRANTED and the Commissioner's motion for summary judgment [dkt. 20] is DENIED; the Court hereby remands this matter for further proceedings.

**1. Procedural History**

Plaintiff protectively filed for Disability Insurance Benefits on January 27, 2017, alleging a disability onset date of June 9, 2016. [Administrative Record ("R.") 15.] Plaintiff's claims were denied initially and upon reconsideration. *Id*. On July 2, 2019, after an Administrative Hearing, Administrative Law Judge ("ALJ") Lana Johnson issued an unfavorable decision. [R. 13-27.] Plaintiff requested Appeals Council review, which was denied on May 5, 2020 [R. 1-5], causing the ALJ's July 2, 2019 decision to constitute the final decision of the Commissioner. 20 C.F.R.

---

[1] In accordance with Northern District of Illinois Internal Operating Procedure 22, the Court refers to Plaintiff only by his first name and the first initial of his last name(s).

[2] Plaintiff has filed a Memorandum in Support of Reversing or Remanding Commissioner's Decision [dkt. 17], which the Court construes as a motion for summary judgment.

§404.981. Plaintiff filed the instant action on July 8, 2020, seeking review of the Commissioner's decision. [Dkt. 1.]

**2. The ALJ's Decision**

On July 2, 2019, the ALJ issued a written decision denying Plaintiff disability benefits. [R. 15-26.] At Step One, the ALJ found that Plaintiff had not engaged in substantial gainful activity since her alleged onset date of June 9, 2016. [R. 17.] At Step Two, the ALJ found Plaintiff had the severe impairments of fibromyalgia; rheumatoid arthritis; degenerative disc disease of the cervical and lumbar spine; obesity; and anxiety and depression. [R. 17.] At Step Three, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments of 20 C.F.R. Part 404, Subpart P, App'x 1. [R. 18-20.]

Before Step Four, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform sedentary work with the following limitations: she can never climb ladders, ropes, or scaffolds; she can occasionally climb ramps/stairs, balance, stoop, kneel, crouch, and crawl; she can have occasional exposure to unprotected heights, dangerous heavy moving machinery, and vibration. [R. 20]. As part of the RFC, the ALJ also determined that Plaintiff is able to understand, remember, and carry out simple routine tasks and use judgment limited to simple work-related decisions. *Id*. At Step Four, the ALJ determined that Plaintiff was not capable of performing any of her past relevant work. [R. 24.] At Step Five, however, the ALJ found Plaintiff capable of performing other jobs existing in significant numbers in the national economy. [R. 24-25.] Because of these determinations, the ALJ found Plaintiff not disabled under the Act. [R. 25.]

**3. Social Security Regulations and Standard of Review**

In disability insurance benefits cases, a court's scope of review is limited to deciding whether the final decision of the Commissioner of Social Security is based upon substantial

evidence and the proper legal criteria. *Scheck v. Barnhart*, 357 F.3d 697, 699 (7th Cir. 2004). Substantial evidence exists when a "reasonable mind might accept [the evidence] as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Zurawski v. Halter*, 245 F.3d 881, 887 (7th Cir. 2001). While reviewing a commissioner's decision, the Court may not "reweigh evidence, resolve conflicts in the record, decide questions of credibility, or substitute [its] own judgment for that of the Commissioner." *Young v. Barnhart*, 362 F.3d 995, 1001 (7th Cir. 2004). Although the Court reviews the ALJ's decision deferentially, the ALJ must nevertheless "build an accurate and logical bridge" between the evidence and her conclusion. *Steele v. Barnhart*, 290 F.3d 936, 941 (7th Cir. 2002) (internal citation omitted). The Court cannot let the Commissioner's decision stand if the decision lacks sufficient evidentiary support, an adequate discussion of the issues, or is undermined by legal error. *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003).

**4.    Discussion**

Plaintiff alleges, *inter alia*, that the ALJ's RFC assessment fails to account for documented limitations in the use of Plaintiff's hands due, in part, to a history of carpal tunnel syndrome. The Court agrees, and remands on this basis.

Plaintiff testified about her history of carpal tunnel syndrome, her carpal tunnel release surgeries (twice on both hands), and her problems using her hands (*e.g.*, difficulty and hand pain when lifting anything over five pounds; numbness, pain, and cramping if she writes for over two minutes). [R. 975-77.] Additionally, in August 2017, radiographic imaging of Plaintiff's hands revealed suspected mild osteopenia, slight degenerative changes and inflammation possibly related to inflammatory arthritis, and some erosion of the left ulnar styloid also related to inflammatory arthritis. [R. 869.] Yet the ALJ did not discuss Plaintiff's history of carpal tunnel syndrome or her

history of bilateral carpal tunnel release surgeries anywhere in her decision.[3] The court finds the ALJ's failure to discuss this evidence in making her determinations is reversible error.

Per statute, in assessing a claimant's residual functional capacity ("RFC"), an ALJ must consider "all of [a claimant's] medically determinable impairments of which [they] are aware, including [a claimant's] medically determinable impairments that are not 'severe'." 20 C.F.R. § 404.1545(a)(2). While an ALJ is certainly able to reject evidence of record the ALJ must, at the very least, provide reasons for doing so. *See*, *e.g.*, *Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001) (ALJ "must provide some glimpse into her reasoning"). They ALJ has simply not done so here. Moreover, the ALJ's failure to address Plaintiff's carpal tunnel history and hand numbness, pain, cramping, and difficulty lifting at Step Two indicates the ALJ may not have accounted for all of Plaintiff's impairments during subsequent steps of the sequential evaluation process.

This error is not harmless for two reasons: (1) the VE testified that if there were an additional restriction for occasional use of the hands for fine and gross manipulation, there would be no work available for Plaintiff [R. 989-990]; and (2) the ALJ adopted the ALJ's opinions that Plaintiff would be able to perform jobs in the national economy that require a significant amount of fingering, handling, and feeling.

As to the first point, the Commissioner bears the Step Five burden of showing that there are a significant number of jobs available the claimant is capable of performing. See 20 C.F.R. § 404.1560(c)(2); *Liskowitz v. Astrue*, 559 F.3d 736, 742-43 (7th Cir. 2009). The ALJ's opinion here, however, is devoid of suggestion as to how Plaintiff could still perform sedentary work

---

[3] The ALJ did mention Plaintiff's testimony Plaintiff's "cramping and numbness in her hands" [R. 21] and that "radiographic imaging of [Plaintiff's] hands revealed suspected mild osteopenia and slight degenerative changes and inflammation possibly related to inflammatory arthritis" [R. 22].

4

despite her problems with her hands – "which when considered cumulatively left the vocational expert unable to identify any jobs for [Plaintiff] to perform." *Steele v. Barnhart*, 290 F.3d 936, 942 (7th Cir. 2002) (remanding on this basis, among others). The Commissioner has failed to adequately meet (or explain away) her Step Five burden when evidence related to Plaintiff's carpal tunnel syndrome/hand issues are considered.

As to the second point, the ALJ determined Plaintiff would be able to perform following occupations:

- Order clerk, food and beverage (DOT #209.567-014), 160,000 jobs nationally;
- Assembler (bench) (DOT #734.687-018), 200,000 jobs nationally;[4] and
- Bonder, semi-conductor (DOT #726.685-066), 190,000 jobs nationally.

[R. 25]. Based on the DOT's description of the given positions, it is clear to the Court the bonder and assembler (either assembler position, *see* fn 4, *supra*) positions require significant hand usage/manipulation; the order clerk position also likely requires a fair amount of manipulation as well. Thus, if Plaintiff's hand limitations are credited, this undermines the ALJ's conclusion that there were available jobs in the national economy Plaintiff could perform.

Lastly, the Court finds it particularly troubling the ALJ determined Plaintiff had the severe impairment of rheumatoid arthritis but then neglected to address the carpal tunnel issues Plaintiff's counsel questioned Plaintiff about at the Administrative Hearing. This is because "[c]arpal tunnel syndrome is the most common compression neuropathy associated with rheumatoid arthritis."

---

[4] This is the incorrect DOT code for a bench assembly position, so the vocational expert's ("VE") testimony was in conflict with the DOT. The VE (and, thus, the ALJ) identified the DOT code for a button and notion assembler instead of a "bench assembler" (agric. equip.), which can be found at DOT #706.684-042. The Seventh Circuit has held that Social Security Ruling 004p requires the ALJ to "identify and explain" any conflict between the DOT and VE testimony, but the ALJ's "duty to inquire" about the potential conflict arises only when the conflict between the DOT and VE testimony is apparent. *Zblewski v. Astrue*, 302 F. App'x 488, 494 (7th Cir. 2008) (citing *Prochaska v. Barnhart*, 454 F.3d 731, 735 (7th Cir. 2006)). Thus, there remains some question here about whether the ALJ was required to "identify and explain" this discrepancy, despite the fact her "duty to inquire" of the VE about the conflict might not have been triggered if the conflict was not apparent (the Court does not reach the issue of whether the conflict was apparent, but only notes the discrepancy here). Nonetheless, the discrepancy exists here.

Feldon, Paul M.D.; Terrono, Andrew L. M.D., *Carpal Tunnel Syndrome in Rheumatoid Arthritis*, Techniques in Orthopaedics (March 2006), Volume 21, Issue 1, pp. 42-47; *see*, *also*, *McCarty v. Canadian Nat'l/Illinois Cent. R.R.*, 2008 WL 872327, at *1 (S.D. Miss. Mar. 27, 2008) (rheumatoid arthritis is a known cause of carpal tunnel syndrome and occurs when the synovial membrane in the wrist swells causing pressure on the median nerve through the carpal tunnel). Although the Commissioner argues Plaintiff "did not provide evidence that established limitations in her ability to use her hands" [dkt. 21, p. 14], Plaintiff's own testimony was evidence enough to establish the limiting effects of her ability to use her hands. *Scott v. Astrue*, 647 F.3d 734, 740-41 (7th Cir. 2011) (while plaintiff bears burden of producing evidence of impairments, plaintiff's testimony constitutes this type of evidence and "[i]f the ALJ found this evidence insufficient, it was her responsibility to recognize the need for additional medical evaluations."); *Villano v. Astrue*, 556 F.3d 558, 562 (7th Cir. 2009) ("a lack of medical evidence alone is an insufficient reason to discredit testimony"). If the ALJ determined she needed additional evidence related to Plaintiff's carpal tunnel syndrome or hand problems, particularly in light of Plaintiff's severe impairment of rheumatoid arthritis, it was her responsibility to obtain additional medical evaluations. What the ALJ was not free to do was disregard all mention of Plaintiff's carpal tunnel syndrome and reported hand manipulation difficulties.

**5.    Conclusion**

Ultimately, the Court must remand on the ALJ's failure to properly address Plaintiff's history of carpal tunnel syndrome and problems associated with the use of her hands. For the reasons detailed herein, the Court must reverse and remand for proceedings consistent with this Memorandum Opinion and Order. The Court offers no opinion as to the other alleged bases of error in the ALJ's decision as raised by Plaintiff other than those discussed herein. Plaintiff's

motion for summary judgment [dkt. 17] is GRANTED and the Commissioner's motion for summary judgment [dkt. 20] is DENIED.

Entered: August 20, 2021

_____
Susan E. Cox,
United States Magistrate Judge